UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KIMBERLY VEENSTRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:12-CV-455 JD |
| | ) | |
| ERNEST ASHLEY, KEYSTONE WESTERN, INCORPORATED, *and* DENNIS BELL, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION & ORDER

This wrongful death suit arises out of a motor vehicle accident. On September 18, 2012, Johnathan Veenstra, the son of the plaintiff, Kimberly Veenstra ("Veenstra"), was killed after colliding with a motor vehicle driven by the defendant, Ernest Ashley ("Ashley").[1] [DE 1 ¶¶ 1-2]. On October 3, 2012, Veenstra filed a complaint alleging that the collision was caused by Ashley's "carelessness and negligence," and that as a result of that collision Veenstra incurred medical and funeral expenses on behalf of her deceased son. [DE 1 ¶ 2-4]. At the time of the accident, Ashley was employed by Keystone Western, Inc. ("Keystone"), and Veenstra believes that Keystone is vicariously liable for Ashley's negligence. [DE 1 ¶ 9]. The natural father of Jonathan Veenstra, Dennis Bell ("Bell"), was also named as a defendant in order to answer for his interests pursuant to IND. CODE § 34-23-2-1. [DE ¶ 10].

On November 6, 2012, Keystone and Ashley timely removed this action to federal court,

---

[1] Although the case caption indicates the defendant's name is spelled "Ashely," the defendant's own filings have consistently spelled it "Ashley." The court will assume the defendant is correct.

invoking diversity jurisdiction consistent with 28 U.S.C. § 1332(a)(2) and 28 U.S.C. § 1441(a). [DE 2]. On November 30, 2012, Veenstra filed a motion to remand, arguing that the requirement of complete diversity is not satisfied because both Veenstra, the plaintiff, and Bell, one of the defendants, are residents of the State of Indiana. [DE 7]. On December 13, 2012 Keystone responded. [DE 11]. On December 19, 2012, Veenstra replied, and the motion is now ready for a ruling. [DE 12]. The court finds that Keystone and Ashley failed to discharge their burden. Because an actual and substantial controversy does exist between Veenstra and Bell, realignment of the parties to achieve complete diversity would be inappropriate. This court therefore has no jurisdiction, and Veenstra's motion for remand is granted.

## DISCUSSION

This court has original jurisdiction, pursuant to 28 U.S.C. § 1332(a)(2), over a suit between a citizen of a state and citizens of a foreign state when the amount in controversy exceeds the jurisdictional threshold of $75,000. *Int'l Med. Grp, Inc. v. Walker*, 2011 WL 2490732 at *1 (S.D.Ind. June 22, 2011); *see also Extra Equipmentos e Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 721 (7th Cir. 2008). The proponent of federal jurisdiction bears the burden of showing by a preponderance of the evidence that each requirement – complete diversity and the amount in controversy – is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). As the removing parties, Keystone and Ashley are the proponents of federal jurisdiction. They have failed to show that the complete diversity requirement is met by a preponderance of the evidence. As a result, the jurisdiction of this court is not established, and the matter must be remanded.

*Complete Diversity*

Complete diversity means that no plaintiff may share citizenship with any defendant.

2

*Strawbridge v. Curtiss*, 7 U.S. 267 (1806). On the basis of the pleadings, the requirement does not appear to be met. The plaintiff is a resident of the State of Indiana and, while Keystone and Ashley reside in Canada for jurisdictional purposes, co-defendant Dennis Bell is, like Veenstra, an Indiana resident. But the formal designation of a party in the complaint as "plaintiff" or "defendant" is not necessarily controlling. Where there is a basis for doing so, "the court will look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Dawson v. Columbia Avenue Saving Fund, Safe Deposit, Title, & Trust Co.*, 197 U.S. 178, 180 (1905). Keystone and Ashley argue that Bell should be realigned onto the plaintiff's side of the litigation, thus creating complete diversity, because Bell and Veenstra share similar interests in imposing liability for Johnathan's death on Keystone and Ashley. [DE 11 ¶ 8]. Veenstra disagrees, and Veenstra is correct.

Realignment is proper when the court finds that no actual, substantial controversy exists between the parties on one side of the dispute and their named opponents. *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69-70 (1941). "[I]n determining whether realignment is proper, courts must focus on 'the points of substantial antagonism, not agreement.'" *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009) (quoting *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 151 (7th Cir. 1981)). This is true even if the parties do share a significant interest. *Id*; *see also Am. Motorists*, 657 F.2d at 151 (holding that "a mere mutuality of interest in escaping liability" does not mandate realignment). In the Seventh Circuit, at least, "it is 'undoubtedly improper' to realign parties for the purpose of preserving jurisdiction if 'an actual, substantial controversy exists between a party on one side of the dispute and its named opponent.'" *Wolf*, 574 F.3d at 412 (quoting *Krueger v. Cartwright*, 996 F.2d 928, 932 n. 5 (7th Cir. 1993)).

There is an actual and substantial controversy between Veenstra and Bell in this case. The case is brought under Indiana's Child Wrongful Death Act, codified at IND. CODE §§ 34-23-2-1 *et seq*. Pursuant to subsection 34-23-2-1(c):

> An action may be maintained under this section against the person whose wrongful act or omission caused the injury or death of a child. The action may be maintained by:
>
> > (1) the father and mother jointly, or either of them by naming the other parent as a codefendant to answer as to his or her interest;
> >
> > (2) in case of divorce or dissolution of marriage, the person to whom custody of the child was awarded; and
> >
> > (3) a guardian, for the injury or death of a protected person.

Bell's paternity was established in a state court paternity proceeding on September 27, 2010. [DE 12-1]. At the time of the accident underlying this case, Bell had been ordered to have no contact with the child beyond a weekly telephone visitation, due to pending drug charges, and Veenstra had sole physical custody. [DE 12-1]. Accordingly, under the terms of the statute, an action could only be maintained by Veenstra, *see* 34-23-2-1(c)(2), and she was statutorily required to name Bell as a co-defendant to answer to his interest, *see* 34-23-2-1(c)(1). Moreover, that interest is real and substantial. Section 34-23-2-1(i) of the Act provides:

> Damages awarded under [the Act] inure to the benefit of:
>
> > (1) the father and mother jointly if both parents had custody of the child; [or]
> >
> > (2) the custodial parent . . . and the noncustodial parent of the deceased child as apportioned by the court according to their respective losses[.]

Since Veenstra is the custodial parent of the deceased and Bell is a noncustodial parent, IND. CODE § 34-23-2-1(i)(2) applies in this case. Veenstra and Bell therefore have an actual and substantial

4

conflict concerning the amount of damages that will be apportioned between the two of them. In the event of a recovery, Veenstra and Bell will be required to present adversarial evidence concerning their respective losses so that the court may find a basis for apportioning damages.

Keystone and Ashley counter by arguing that Bell is only a "nominal defendant," suggesting, perhaps, that his real interest in any eventual apportionment is quite small. [DE 2]. They also note, correctly, that a parent who has "abandoned" a child cannot recover under the statute at all. *See* IND. CODE § 34-23-2-1(i). But these arguments provide no basis for retaining jurisdiction, for two reasons.

First, they depend on facts which are not in evidence. No evidence whatsoever exists as to the extent of Bell's interest in a recovery, nor as to whether or not he "abandoned" the child under the meaning of the statute. Keystone and Ashley bore the burden of introducing such evidence as the proponents of this court's jurisdiction, and they have not done so. It is not enough to speculate that Bell's interest will eventually prove to be nominal. The court determines jurisdiction as of the time the case is brought or removed, *see Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) (citations omitted), not based on the way things *might* shake out when all is said and done.

Second, as a matter of law, Bell is a necessary party to this litigation. *See Dameron v. City of Scottsburg, Ind.*, 36 F.Supp.2d 821, 837-38 (S.D.Ind. 1998) (noting that "the Indiana Court of Appeals has observed that, because the legislature intended that only one action be maintained for the wrongful death of a child, the custodial parent who brings the action must name the noncustodial parent as a *necessary party*" (emphasis added)) (citing *King v. King*, 610 N.E.2d 259, 264 n. 8 (Ind. Ct. App. 1993)). That means he cannot be considered a nominal party. "By definition a nominal defendant cannot be a 'necessary' or 'indispensable' party[.]" *S.E.C. v. Cherif*, 933 F.2d 403, 414

5

n. 13 (7th Cir. 1991). Moreover, where joinder of a party is mandatory, and thus clearly not the result of some manipulative effort by the plaintiff to keep the matter in state court, this court will typically defer to such joinder in determining whether diversity jurisdiction exists. *See R.C. Wegman Const. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 726 (7th Cir. 2011) (citing *Am. Nat'l Bank & Tr. Co. v. Bailey*, 750 F.2d 577, 582 (7th Cir. 1984); *Mattel, Inc., v. Bryant*, 446 F.3d 1011, 1013-14 (9th Cir. 2006); *Salt Lake Tribune Publ'g Co. v. AT&T Corp.*, 320 F.3d 1081, 1095-97 (10th Cir. 2003)).

Keystone and Ashley's only remaining argument is an invitation to the court to decide that Bell should be aligned as a plaintiff because he falls on Veenstra's side of the "primary purpose" in this litigation: determining Keystone and Ashley's liability for Johnathan Veenstra's death. The primary purpose, or "ultimate interests," approach to realignment is indeed the majority rule among the federal circuits, and it would produce the result Keystone and Ashley desire. *See, e.g.*, 13B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3607 (2007 Supp. at 417-18). But the Seventh Circuit is well aware of the circuit split, and it openly acknowledges that it has chosen to remain in the minority. *See Wolf*, 574 F.3d at 413. At the present time, to advocate for the primary purpose test within the Seventh Circuit is to "ignore[] . . . that *American Motorists* interpreted *Chase National Bank* and . . . held that 'a mere mutuality of interest in escaping liability is not of itself sufficient to justify realignment[.]'" *Id*. (quoting *Am. Motorists*, 657 F.2d at 151). Similarly, a mere mutual interest in *imposing* liability cannot be itself sufficient when the parties' interests in the "fixed pie" recovery produced by that liability are inherently opposed to each other. It is not this court's place to depart from the established Seventh Circuit rule in favor of a majority approach applied in other circuits. Realignment is not appropriate, so complete diversity does not exist.

## CONCLUSION

As the proponents of federal diversity jurisdiction, Keystone and Ashley were obligated to prove by a preponderance of the evidence that the complete diversity requirement is met. As explained, they have failed to do so. As a result, Veenstra's Motion for Remand [DE 7] must be **GRANTED**, and the case is hereby **REMANDED** to state court. The clerk is instructed to close the case.

SO ORDERED.

ENTERED:   April 9, 2013

      /s/ JON E. DEGUILIO
Judge
United States District Court